IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YOLANDA S. HOLDEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-2981 |
| | § | |
| ILLINOIS TOOL WORKS, INC. and | § | |
| VALERON STRENGTH FILMS CO., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Yolanda Holden sued Illinois Tool Works ("ITW"), alleging a hostile work environment, sex discrimination, and retaliation. Her claims were tried before a jury from March 3 to March 6, 2008. The jury found in favor of ITW on March 7, 2008. On March 24, 2008, this court entered a final judgment taxing court costs against Holden. (Docket Entry No. 77).

Illinois Tool Works ("ITW") filed a request to enter a bill of costs under Federal Rule of Civil Procedure 54(d). (Docket Entry No. 78). On April 8, 2008, the clerk of court taxed costs in the amount of $5,979.29 against Holden. On April 16, 2008, Holden filed objections to ITW's bill of costs. (Docket Entry No. 79). ITW responded, arguing that this court should overrule Holden's objections on the grounds that they are untimely and not based in the record. (Docket Entry No. 80).

Holden's objections are overruled. This court orders Holden to pay $5,979.29 in costs to ITW. The reasons are explained below.

**I.   Analysis**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides:

> **(1) *Costs Other Than Attorney's Fees.*** Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 1 day's notice. On motion served within the next 5 days, the court may review the clerk's action.

FED. R. CIV. PRO. 54(d)(1). There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs. *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006).

Title 28 U.S.C. § 1920 allows the following categories of costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In its bill of costs, ITW included the following: $4,585.52 for court reporter and transcript fees; $1,061.34 in copy fees; and $332.43 in witness fees. Holden objects to the

court reporter and transcript fees as "excessive because they include the costs of the videotape and expedited service fees." (Docket Entry No. 79 at 1). Holden also objects to the copy fees on the ground that "the majority of charges are for multiple copies, attorney correspondence and other non-recoverable items." (*Id.* at 2). Lastly, Holden objects to the witness fees on the ground that the ITW "failed to produce itemized fees for each witness." (*Id.* at 3).

ITW argues that Holden's objections are untimely. Local Rule 54.2 requires that objections to costs to be filed within five days after the bill of costs is filed. S.D. TEX. LOCAL R. 54.2. Federal Rule of Civil Procedure 54(d)(1) permits a party to file objections within five days of the clerk's taxing costs. In this case, the bill of costs was filed on April 7, 2008, and the clerk taxed the costs on April 8, 2008. (Docket Entry No. 78). Holden filed her objections on April 16, 2008. (Docket Entry No. 80). Holden's objections are untimely.

Even if Holden had timely objected, her objections are not supported by the record. ITW points out, and the record reflects, that the court reporter and transcript fees do not include videographer fees. (Docket Entry No. 80, Exs. A, B). The record also reflects that ITW incurred $332.43 in process service fees for two witnesses. (*Id.*, Ex. C). Holden neither provides a specific objection to the copy fees included in the bill of costs nor points to evidence in the record to support her objection. This litigation involved numerous discovery disputes, repeated depositions of Holden, motions for sanctions, a summary judgment

3

motion, and four days of trial. Given the large volume of copies evidenced in the parties' motions practice and at trial, this court finds that the copy fees are reasonable.

**II.     Conclusion**

Holden's objections to ITW's bill of costs are overruled. Holden is ordered to pay $5,979.29 in costs to ITW.

SIGNED on July 21, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge